IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NATALIE P. GOINS,                        :

     Plaintiff,                        :

vs.                                                      CA 05-0682-C

                              :

JO ANNE B. BARNHART,
Commissioner of Social Security,  :

     Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. §1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 19 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . .  and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 20 (order of reference)) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and

recommendation, and the parties' arguments at the June 27, 2006 hearing before the undersigned, the Court determines that the Commissioner's decision denying benefits should be reversed and this cause remanded to the Commissioner of Social Security for further proceedings not inconsistent with this decision.[1]

The Administrative Law Judge (ALJ) made the following findings:

2.    The medical evidence establishes that the claimant possesses the severe impairments of migraine headaches, obesity, and lumbar degenerative disc disease at the L4-5 level; however, she does not possess an impairment or combination of impairments, listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

3.    The claimant's allegations of pain and functional limitations to the degree alleged are not supported by the evidence in the record.

4.    At all times relevant to this decision, the claimant possessed the residual functional capacity to perform work activities at the light exertional level on a regular and sustained basis as described in the body of this decision. (20 CFR Section 416.967).

5.    At the time she filed her application for Supplemental Security Income benefits, the claimant was 41 years old, which the Regulations define as a "younger person."

---

[1]    Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 19 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

6.      The claimant has a "limited" level of education.

7.      The claimant has no past relevant work experience.

8.      Taking into consideration the claimant's exertional capacity for light work as described above and the claimant's age, education, and lack of past relevant work experience, the Administrative Law Judge concludes that, during the relevant period at issue in this case, the claimant was capable of making an adjustment to other unskilled light and sedentary work which existed in significant numbers in the national economy. Vocational expert testimony supports the conclusion that a significant number of jobs existed that a person could perform who possessed the capacities and limitations expressed in the Administrative Law Judge's hypothetical question, and giving the claimant the benefit of the doubt, most closely paralleled those of the claimant. The vocational expert witness provided numerous examples of unskilled jobs available to such an individual as described in the Administrative Law Judge's hypothetical question at the light exertional level[]. Examples given were cashier, information clerk, waitress, food prep/kitchen worker, packaging, and assembler.

9.      The claimant has not been under a "disability," as defined in the Social Security Act, as amended, at any time through the date of this decision.

(Tr. 684)  The Appeals Council affirmed the ALJ's decision (Tr. 641-643) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In supplemental security income cases where the claimant has no past vocationally-relevant work, as here, it is the Commissioner's burden to prove

3

that claimant is capable of performing work that exists in significant numbers in the national economy. *See Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). Therefore, the Court's task in this case is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform those light and sedentary jobs identified by the vocational expert, is supported by substantial evidence.  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).  "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ made the following errors: (1) he erred in failing to find that her depression, carpal tunnel syndrome and asthma are non-severe impairments; (2) he erred in finding that she retains the residual functional capacity to perform the full range of light work; and (3) he erred in concluding that her obesity imposes no significant limitations of function on her ability to engage in work-related tasks. Because the ALJ's finding that plaintiff can perform the full range of light work is not

supported by substantial evidence, this Court need not directly address the other errors raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

In initially reviewing this case, it appeared that the denial of benefits should be affirmed inasmuch as a review of the record reveals substantial support for the ALJ's determination that plaintiff's obesity imposes no significant limitations of function on her ability to engage in work-related tasks, *compare* Tr. 673 (the ALJ's analysis of plaintiff's obesity and specific finding that "[n]one of the treating or examining physicians have indicated any specific limitations of function in connection with the claimant's obesity and she has not specifically alleged any functional limitations as a result of her overweight condition.") *with Gray v. Barnhart*, 2002 WL 31242221, * 6 (S.D. Ind. 2002) (finding no evidence in the record which revealed that plaintiff's "obesity increased the severity of her symptoms or interfered with any routine or necessary physical activity, nor did any physician opine that [p]laintiff's obesity may have exacerbated either her degenerative disc disease or her asthma."), and the ALJ recited specific and adequate reasons for rejecting the PCEs and pain assessments completed by the primary treating physician, Dr.

Paul Smith, *compare* Tr. 680 (ALJ's analysis of Dr. Smith's opinions as set out on the PCEs and pain forms, finding same inconsistent with Smith's own medical records and clinical findings as well as the other medical evidence of record) *with Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("We have found 'good cause' to exist where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were contrary or inconsistent with their own medical records."). Having rejected the PCEs and pain forms completed by the primary treating physician, this Court was prepared to uphold the RFC finding for light work made by the ALJ and grounded upon what the ALJ represented were "the opinions of the state agency medical consultant. (Exhibit B-10F). As a **non-examining physician**, the consultant's opinions are not entitled to controlling weight, but must be considered and weighed as those of a highly qualified physician who is an expert in the evaluation of the medical issues in disability claims under the Social Security Act." (Tr. 681 (emphasis supplied)) A review of that PCE form dated February 8, 2001, however, reveals not only that the document does not acknowledge the severe impairment of lumbar degenerative disc disease found by the ALJ (*compare* Tr. 529-536 *with* Tr. 684) but, more importantly, this

6

form was not completed by a non-examining physician as represented by the ALJ in his decision. Instead, this RFC assessment was completed by Cheryl L. Jones, a social security disability specialist. (*Compare* Tr. 536 (Cheryl Jones signature appears under the designation "MEDICAL CONSULTANT'S SIGNATURE" which she has appropriately crossed out) *with* Tr. 425-427 & 528 (documentation reflecting that Jones is a disability specialist)) This Court has previously indicated that "[r]eliance upon a form completed by a disability examiner is clear error which must be corrected on remand." *Coblentz v. Barnhart*, CA 05-0169-C, Doc. 23, at 16 n.6 (indicating that a PCE opinion by a disability examiner would arguably be entitled to no weight and certainly does not constitute substantial evidence to support the ALJ's RFC finding). This proposition is equally applicable in this case since a failure to remand on this basis would amount not only to affirmation of a gross misrepresentation of the record but also to affirmation of conjecture by the ALJ that this claimant, in light of all of her many physical impairments, can perform the physical requirements of the full range of light work. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (ALJ's articulation of specific jobs the claimant can perform "must be supported by substantial evidence, not mere intuition or conjecture."). As this Court has held often in past decisions, "an

ALJ's RFC determination must be supported by the PCE of an examining physician where, as here, the ALJ attempts to reject the PCE of the treating physician." *See, e.g., Collum v. Barnhart*, CA 03-0076-C, Doc. 15, at 8. Because the ALJ does not base his RFC determination on the examination findings and PCE of an examining physician, and instead has attempted to rely upon the PCE completed by a disability specialist (erroneously identified as a non-examining physician) to establish RFC while, at the same time, rejecting the only PCEs completed by an examining physician, this case must be remanded for further consideration and a proper determination of plaintiff's physical RFC.

On remand, the ALJ will have the opportunity to address head-on plaintiff's argument that it was improper for him to find, in the most recent decision on November 4, 2004, that her depression, carpal tunnel syndrome and asthma are non-severe impairments (Tr. 670 ("The physical impairments of asthma, gastroesophageal reflux disease [] with abdominal pain, fibromyalgia, carpal tunnel syndrome, and degenerative joint disease of the left knee have also been alleged as severe physical impairments. However, there is no objective medical evidence to support the conclusion that these alleged impairments entailed significant work-related limitations for a continuous

period of 12 months during the relevant period under consideration."); *see also* Tr. 679 ("[T]he Administrative Law Judge finds that the claimant's diagnosed impairments of adjustment disorder with depressed mood (resolved), depressive disorder, NOS, somatoform disorder, anxiety disorder, NOS, and adjustment disorder relating to medical problems do not constitute severe mental impairments[.]"), in light of his earlier decision, on March 8, 2002, that such impairments were severe (Tr. 23 ("The claimant has alleged severe impairments including migraine headaches, arm and back pain, abdominal pain, carpal tunnel syndrome, and depression, based on the requirements in the Regulations[,] 20 C.F.R. § 416.920(b).")). If, in fact, the defendant is correct in her brief that the failure to find that these impairments are severe impairments constitutes mere harmless error, on remand the ALJ's consideration of these impairments as severe should have no effect on his ultimate analysis.

## CONCLUSION

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g),[2] *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct.

---

[2]     Though this Court's review of the denial of an application for supplemental security income falls squarely under 42 U.S.C. § 1383(c)(3), remand is proper under 42 U.S.C. §

2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 7th day of July, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

405(g) because § 1383(c)(3) provides that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."